**ZOLKIN TALERICO LLP**
David B. Zolkin, State Bar No. 155410
*dzolkin@ztlegal.com*
Derrick Talerico, State Bar No. 223763
*dtalerico@ztlegal.com*
12121 Wilshire Blvd., Suite 1120
Los Angeles, California 90025
Telephone: 424 500-8552

Attorneys for Appellants Jona Rechnitz
and Rachel Rechnitz

**SMILEY WANG-EKVALL, LLP**
Robert S. Marticello, State Bar No. 244256
*rmarticello@swelawfirm.com*
Michael L. Simon, State Bar No. 300822
*msimon@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone: 714 445-1000
Facsimile: 714 445-1002

Attorneys for Jadelle Jewelry and Diamonds, LLC

FILED
CLERK, U.S. DISTRICT COURT
7/10/20
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ CP _____ DEPUTY

CV20-6183 DOC

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## FOR THE NINTH CIRCUIT COURT OF APPEALS

| | |
|---|---|
| In re<br><br>JADELLE JEWELRY AND DIAMONDS, LLC,<br><br>Debtor. | BAP Case No. CC-20-1153<br><br>USBC Case No. 2:20-bk-13530-BR<br><br>Chapter 7<br><br>**DECLARATION OF MICHAEL V SCHAFLER IN SUPPORT OF EMERGENCY MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8007 FOR STAY PENDING APPEAL** |

2830613.1

DECLARATION

**DECLARATION OF MICHAEL V SCHAFLER**

I, Michael V Schafler, declare as follows:

1. I am over the age of eighteen and am an attorney duly licensed to practice law in the State of California. I am a partner at Cohen Williams LLP and my firm represents Jona Rechnitz and Rachel Rechnitz (collectively, the "Rechnitz Parties") in connection with a criminal investigation by the United States Attorney's Office for the Central District of California. My firm also represents the Rechnitz Parties, Robert Rechnitz, and Jadelle Jewelry and Diamonds, LLC ("Jadelle" and together with the Rechnitz Parties, the "Appellants"), in connection with several civil matters, including those brought in other courts by certain of the ineligible petitioners in this case.

2. I respectfully make this declaration in support of the Appellants' emergency motion for a stay pending appeal (the "Motion"). This declaration is based upon my personal knowledge and based on the files and records in this case. If called upon to testify as to the matters set forth in this declaration, I could and would do so.

3. My partner, Reuven L. Cohen, has previously submitted, both to the Superior Court for the County of Los Angeles and the United States District Court of the Central District of California, multiple declarations (the "Cohen Declarations") that provide an overview of the basis for the assertion of the Fifth Amendment privilege and a stay of civil proceedings pursuant to that privilege. The Cohen Declarations indicate the following:

    a. On February 4, 2020, Mr. Cohen learned that Victor Franco Noval ("Noval"), one of the Ineligible Creditors (as defined the Motion) in the involuntary bankruptcy matter, filed a police report with the Beverly Hills Police Department ("BHPD") concerning the allegations made in his civil lawsuit against Jadelle and the Rechnitz Parties.

    b. On February 7, 2020, Mr. Cohen spoke with Detective Diamond of the BHPD. Detective Diamond confirmed that the BHPD had received complaints regarding Mr. Rechnitz's jewelry business and referred the

2830613.1      2      DECLARATION

matter to the Federal Bureau of Investigation ("FBI") for criminal investigation.

  c. Following that confirmation, Mr. Cohen reached out to the United States Attorney's Office ("USAO") regarding the status of any such investigation and the USAO's position, if any, on our request for a stay of civil proceedings. The USAO advised Mr. Cohen that they typically do not publicly confirm or deny the existence of any investigation, but, because public disclosure of facts related to this matter may adversely impact any investigation, the USAO informed Mr. Cohen that it supported the request for a stay with respect to the civil proceedings. The USAO further agreed Mr. Cohen could advise the Los Angeles Superior Court and the United States District Court of the ongoing nature of its investigation.

For the Panel's convenience, I attach and incorporate by reference the Cohen Declarations: Exhibit "A" (March 3, 2020); Exhibit "B" (May 18, 2020); and Exhibit "C" (June 1, 2020).

  4. Over the last two months, I have had multiple discussions with federal prosecutors relative to this matter. My primary point of contact has been Assistant United States Attorney Joseph Axelrad. Over the course of those discussions, I have learned that:

  a. In connection with an ongoing criminal investigation, the USAO and FBI are investigating conduct related to the jewelry business operated through Jadelle.

  b. The government's investigation includes the allegations that are the subject of and included in the civil complaints filed by Peter Marco LLC and Noval.

  c. Mr. Rechnitz is presently a subject of the government's investigation.

  d. The government's ongoing investigation goes beyond Mr. Rechnitz's conduct and includes other individuals. The government does not wish to publicly disclose the nature and scope of its investigation.

2830613.1

3

DECLARATION

  e. The government is aware of the bankruptcy proceedings (in addition to the other civil actions), it understands that Apellants are seeking a stay, and it does not oppose Mr. Rechnitz's assertion of his Fifth Amendment privilege in this case or in the civil lawsuits.

  f. The government's investigation is ongoing.

 5. Now that the Order for Relief has been entered in Jadelle's involuntary bankruptcy proceeding, I understand that Jadelle will have certain obligations to provide information in connection with the bankruptcy proceedings. To the extent that process requires the Rechnitz Parties to provide evidence going forward, I will advise the Rechnitz Parties to assert their Fifth Amendment privilege following, if possible, confirmation from the government that the investigation remains ongoing and respectfully decline to provide any such information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 8, 2020, at Los Angeles, California.

By: _____
   Michael V Schafler

2830613.1    4    DECLARATION

# EXHIBIT A

# DECLARATION OF REUVEN L. COHEN

I, Reuven L. Cohen, hereby declare as follows:

1. I am an attorney for Defendants Jona Rechnitz, Rachel Rechnitz, Jadelle Inc., and Jadelle Jewelry and Diamonds, LLC ("Defendants"). I make this declaration in support of Defendants' *Ex Parte* Application for Order Shortening Time and Advancing Hearing Date on Defendants' Motion for Stay of Proceedings, and Granting Interim Stay of Proceedings (the "Application"). I have personal knowledge of the matters stated in this declaration, unless otherwise stated.

2. On February 4, 2020, Ronald Richards, an attorney for Plaintiff Victor Franco Noval ("Plaintiff"), emailed counsel for Defendants a draft complaint containing allegations substantially similar to those at issue in this action. The draft complaint indicated that Plaintiff had filed a police report with the Beverly Hills Police Department ("BHPD") concerning the same facts at issue in this action. A true and correct copy of that email and the relevant page of the attached draft complaint are attached hereto as **Exhibit A**.

3. On February 7, 2020, I had a telephone call with Detective Diamond of the Beverly Hills Police Department ("BHPD"). Detective Diamond confirmed that the BHPD had referred the allegations underlying this matter to the Federal Bureau of Investigation ("FBI") for criminal investigation.

4. On February 10, 2020, Plaintiff filed a verified complaint (the "Complaint") with this Court initiating this action. The Complaint includes a sworn statement by Plaintiff that he filed a police report concerning the same facts alleged in the Complaint. *See* Complaint, ¶ 49.

5. On February 11, 2020, Alan Levine, an attorney at Cooley LLP, who represented one of the Defendants, Jona Rechnitz, in a criminal matter in the Southern District of New York, forwarded me an email chain. The chain included an email from Johnny Kim, the United States Probation Officer ("PO") assigned to Mr. Rechnitz's case, sent on February 11, 2020, at 2:30 p.m. In the email, PO Kim relates a conversation that he had with Ronald Richards, counsel for Plaintiff in this action, wherein Mr. Richards made allegations that Mr. Rechnitz was committing criminal fraud, and that his client—Plaintiff—was the victim. Specifically, PO Kim states:

1

DECLARATION OF REUVEN L. COHEN

> Also, just an FYI, I received a phone call from an attorney, Ronald Richards, based in Beverly Hills, who reportedly represents Victor Franco Navarro [sic]. According to Richards, Rechnitz continues to commit fraud. Recently, Rechnitz allegedly failed to provide a legitimate check to Navarro for jewelry handed to Rechnitz on consignment.

A true and correct copy of this email correspondence is attached hereto as **Exhibit B**.

6. On February 13, 2020, Defendants' counsel accepted service of the Summons and Complaint in this action on behalf of Defendants. That same day, Mr. Richards sent an email to Defendants' counsel asking which days Defendants would be available for depositions during the week of March 16, 2020. A true and correct copy of this email correspondence is attached hereto as **Exhibit C**.

7. On February 14, 2020, Mr. Richards sent another email inquiring about scheduling. Defendants counsel replied, stating that it would be premature to discuss scheduling depositions. Mr. Richards then told defense counsel that Plaintiff intends to "take depositions early on." A true and correct copy of this email correspondence is attached hereto as **Exhibit D**.

8. After we became aware that the allegations underlying this matter were also referred to the FBI for criminal investigation, my office reached out to the Los Angeles office of the United States Attorney's Office for the Central District of California ("USAO") regarding the status of any such investigation and the USAO's position on our request for a stay of the civil proceedings. We were advised by the USAO that they typically do not publicly confirm or deny the existence of any investigation, but that public disclosure of facts related to this matter may adversely impact any investigation. As a result, the USAO informed us that it joined in our request for a stay and agreed that I could represent the same to the Court in my declaration in support of the motion.

9. On information and belief, there are no other officers or employees of Jadelle Inc. or Jadelle Jewelry and Diamonds, LLC other than individuals named as defendants in this action.

10. On March 2, 2020, my office sent an email to Ronald Richards, Morani Stelmach, and Geoffrey S. Long, the known attorneys for Plaintiff, inquiring as to whether Plaintiff would stipulate to a stay pending the criminal proceedings and, if not, providing notice of our intention to

seek *ex parte* relief for a stay of all proceedings on Wednesday, March 4, 2020. Mr. Richards did not agree to stipulate to a stay, but he informed us that he was traveling and would not be back until March 9, 2020. We thus agreed to delay any *ex parte* hearing until March 10, 2020. At the same time, Plaintiff agreed to extend the deadline by which Defendants must answer the complaint by 15 days, pursuant to California Rule of Court, Rule 3.110(d). Defendants' answers were previously due March 16, 2020; they are now due on March 31, 2020. A true and correct copy of the email correspondence is attached as **Exhibit E**.

11. On March 2, 2020, my office checked the Court Reservation System, which showed the first available hearing date before this Court for a motion for stay of proceedings was February 25, 2021. My office reserved that date. Thereafter, on March 6, 2020, my office filed Defendants' Motion for Stay of Proceedings ("Motion"), which presently is scheduled to be heard on February 25, 2021.

12. On March 9, 2020, prior to 10 a.m., my office sent another email to Mr. Richards, Ms. Stelmach, and Mr. Long providing notice of the Application. The notice informed counsel that the Defendants were requesting an order advancing the hearing date on the Motion to March 10, 2020, or as soon thereafter as the Motion could be heard, and staying all proceedings until such time as the Motion could be heard. The notice requested that counsel inform Defendants whether Plaintiff planned to oppose the Application. As of the time of filing this declaration, Plaintiff's counsel had not yet responded to my office's March 9 email. This notice, which informed counsel where and when the application would be made, was provided within the applicable time under California Rules of Court, Rule 3.1203. A true and correct copy of the email providing notice of the Application is attached as **Exhibit F**.

13. On information and belief, Defendants Levin Prado and Xiomara Cortez are not opposing parties to this Application, they have not yet been served in this action, and their counsel is unknown at this time. Thus, Defendants did not provide Mr. Prado and Ms. Cortez with notice of this Application.

3

DECLARATION OF REUVEN L. COHEN

I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct.  Executed this 3rd day of March, 2020, at Los Angeles, California.

_____
Reuven L. Cohen

# EXHIBIT B

# DECLARATION OF REUVEN L. COHEN

I, Reuven L. Cohen, declare as follows:

1. I am over the age of eighteen and am an attorney duly licensed to practice law in the State of California. I am a partner at Cohen Williams LLP and attorney of record for Third-Party Defendants Jona S. Rechnitz and Rachel Rechnitz (collectively, "Rechnitz Defendants") in the above-captioned action.

2. I make this declaration in support of Third-Party Defendants' Motion for Stay of Proceedings (the "Motion"). This declaration is based upon my personal knowledge and based on the files and records in this case. If called upon to testify as to the matters set forth in this declaration, I could and would do so.

3. On March 18, 2020, Plaintiff David Rovinsky LLC ("Plaintiff") filed the Complaint initiating this action. (*See generally* Dkt. 1 [Complaint].)

4. On April 6, 2020, Defendant/Third-Party Plaintiff Peter Marco LLC and two other creditors filed an involuntary bankruptcy petition against Jadelle Jewelry and Diamonds, LLC ("Jadelle LLC"), a jewelry business operated by Rechnitz Defendants. (*See* Dkt. 39 [Amended Third-Party Complaint], ¶¶ 7, 9, Exh. 1.) Jadelle LLC moved to dismiss this petition on May 1, 2020. (*See* Putative Debtor's Motion to Dismiss Involuntary Petition and Request for Attorney's Fees, Costs, and Damages [Dkt. 8], *In re Jadelle Jewelry and Diamonds, LLC*, Case No. 2:20-bk-13530-BR (May 1, 2020).)

5. On April 14, 2020, Defendants/Third-Party Plaintiffs Peter Voutsas aka Peter Marco aka Peter Marco Extraordinary Jewels of Beverly Hills, dba Peter Marco LLC ("Peter Marco") filed a Third-Party Complaint against Third-Party Defendants Jona S. Rechnitz, Rachel Rechnitz, and Levin Prado aka Levon Prado (collectively, "Third-Party Defendants"). (*See* Dkt. 19 [Third Party Complaint].)

6. On April 15, 2020, counsel for Jona Rechnitz and Rachel Rechnitz signed respective waivers of service of summons.

7. On April 24, 2020, Peter Marco filed an Amended Third-Party Complaint against Third-Party Defendants. (*See* Dkt. 39 [Amended Third Party Complaint].)

1

**DECLARATION OF REUVEN L. COHEN**

8. On May 8, 2020, Peter Marco propounded his first set of requests for production on Rechnitz Defendants via e-mail.

9. Prior to the filing of this action, on February 4, 2020, I received a draft Los Angeles Superior Court complaint from counsel for Victor Franco Noval ("Noval"), who is not a party to this action, but who is one of the petitioning creditors in the above-referenced Jadelle LLC involuntary bankruptcy. The draft complaint contained allegations against Third-Party Defendants, and others, regarding loans made to Jadelle LLC that were collateralized by pieces of jewelry. Upon review of the draft complaint, and based on allegations contained therein, I came to understand that the litigant had filed a police report with the Beverly Hills Police Department ("BHPD") concerning the allegations made in the draft complaint.

10. On February 7, 2020, I had a telephone call with Detective Diamond of the Beverly Hills Police Department ("BHPD"). Detective Diamond confirmed that the BHPD had referred the allegations relating to Rechnitz Defendants' jewelry business to the Federal Bureau of Investigation ("FBI") for criminal investigation.

11. After we became aware of this referral, my office reached out to the Los Angeles office of the United States Attorney's Office for the Central District of California ("USAO") regarding the status of any such investigation and the USAO's position on our request for a stay of civil proceedings, including this action. We were advised by the USAO that they typically do not publicly confirm or deny the existence of any investigation, but that public disclosure of facts related to this matter may adversely impact any investigation. As a result, the USAO informed us that it supported our request for a stay with respect to civil proceedings related to the investigation and agreed that I could represent the same to the Court in my declaration in support of such a motion.

12. My office has since confirmed that the investigation is ongoing.

2
DECLARATION OF REUVEN L. COHEN

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 18, 2020, at Los Angeles, California.

By: _____
Reuven L. Cohen

# EXHIBIT C

# SUPPLEMENTAL DECLARATION OF REUVEN L. COHEN

I, Reuven L. Cohen, declare as follows:

1. I am over the age of eighteen and am an attorney duly licensed to practice law in the State of California. I am a partner at Cohen Williams LLP and attorney of record for Third-Party Defendants Jona S. Rechnitz and Rachel Rechnitz (collectively, "Rechnitz Defendants") in the above-captioned action.

2. I make this supplemental declaration in support of Rechnitz Defendants' Motion for Stay of Proceedings ("Motion"). This declaration is based upon my personal knowledge and based on the files and records in this case. If called upon to testify as to the matters set forth in this declaration, I could and would do so.

3. For purposes of clarifying my previous declaration filed in support of the Motion, my firm was previously informed by an Assistant United States Attorney for the United States Attorney's Office, Central District of California, that the scope of the criminal investigation into the Rechnitz Defendants' jewelry business included, among other things, the allegations set forth by Peter Marco in his filings before this Court. Should the Court wish to hear more details regarding the criminal investigation, Rechnitz Defendants intend to file an *ex parte* application for the Court's approval to file, *in camera*, an additional declaration that will provide more information about the investigation.

4. For purposes of clarifying the record with respect to the meet and confer correspondence related to the Motion, a true and correct copy of that correspondence is attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 1, 2020, at Los Angeles, California.

By: _____
Reuven L. Cohen

| United States Bakruptcy Appellate Panel for the Ninth Circuit Case Number(s) | CC-20-1153 |
|---|---|

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*********************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Bankruptcy Appellate Panel for the Ninth Circuit by using the appellate CM/ECF system

on (date) _____.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) _____

*********************************************************************

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

DECLARATION OF MICHAEL V SCHAFLER IN SUPPORT OF EMERGENCY MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8007 FOR STAY PENDING APPEAL

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Bankruptcy Appellate Panel for the Ninth Circuit by using the appellate CM/ECF system

on (date) 07/09/2020.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

| | | |
|---|---|---|
| Carolyn A. Dye, Esq.<br>Law Office of Carolyn A. Dye<br>3435 Wilshire Blvd<br>Suite 990<br>Los Angeles, CA 90010 | Sam S. Leslie<br>Suite #990<br>3435 Wilshire Blvd.<br>Los Angeles, CA 90010 | Jona and Rachel Rechnitz<br>9533 Sawyer Street<br>Los Angeles, CA 90035 |

Signature (use "s/" format)   /s/ Lynnette Garrett